**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROBERT MILLER and | ) | |
| RACHEL MILLER, individually and | ) | Cause No. 1:07-cv-0772-LJM-WTL |
| b/n/f of J.R.M. and L.S.M., minors, | ) | |
| GREGG THOBALD and | ) | |
| SHAY THEOBALD, individually and | ) | **AMENDED CLASS ACTION COMPLAINT** |
| b/n/f of N.P.T., a minor, and | ) | **AND DEMAND FOR JURY TRIAL** |
| CHAD J. SWEENEY, on Behalf of | ) | |
| Themselves and All Others | ) | |
| Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RC2 CORPORATION, RACING | ) | |
| CHAMPIONS ERTL CORPORATION, | ) | |
| and LEARNING CURVE BRANDS, INC., | ) | |
| formally doing business as | ) | |
| THE ERTL COMPANY, INC., RACING | ) | |
| CHAMPIONS ERTL, INC., RC ERTL, | ) | |
| INC. and RC2 BRANDS, INC. | ) | |
| | ) | |
| Defendants | ) | |

<u>**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**</u>

Plaintiffs, Rachel and Robert Miller, individually and b/n/f of J.R.M and L.S.M.., minors,

Gregg and Shay Theobald, individually and b/n/f of N.P.T., a minor, and Chad J. Sweeney

(hereafter "Plaintiffs"), by their undersigned counsel, individually and on behalf of all others

similarly situated, hereby set forth in this Class Action Complaint claims for equitable,

injunctive, and declaratory relief, and compensatory and punitive damages.  These claims raise

numerous questions of fact and law that are common to all members of the Class.

This class action is brought by and on behalf of all Consumers (referred to herein

collectively as "Class Members", "Consumers" or "Consumer Class") who purchased or paid for

various Thomas & Friends™ Wooden Railway Toys (referred to herein collectively as "Thomas & Friends" or "Toys"), researched, manufactured, marketed, promoted, advertised, sold, distributed, and/or placed into the stream of commerce by RC2 Corporation, Racing Champions ERTL Corporation, and Learning Curve Brands, Inc., formally doing business as The ERTL Company, Inc., Racing Champions ERTL, Inc., RC ERTL, Inc. and RC2 Brands, Inc., (hereinafter referred to as "Defendants").

## INTRODUCTION

1.      Defendants manufactured, researched, marketed, promoted, advertised, sold, or distributed, and/or placed into the stream of commerce various Thomas & Friends.  Thomas & Friends were marketed and advertised throughout the nation and in the state of Indiana as being safe for children.  Moreover, Thomas & Friends were sold in toy stores, department stores and specialty shops throughout the nation and the State of Indiana.

2.      Plaintiffs and members of the class purchased Thomas & Friends.

3.      Plaintiffs and members of the class gave these Toys to their small children to play with.

4.      On or about June 13, 2007 Defendants issued a recall of various Thomas & Friends.  The original recall was limited to various Thomas & Friends sold at toy stores and various retailers nationwide from January 2005 through June 2007.

5.      The reason stated for the recall was that the surface paint contained lead.

6.      Lead is toxic if ingested by young children and can cause adverse health effects.

7.      According to the National Safety Council, it only takes the lead dust equivalent of a single grain of salt for a child to register an elevated blood lead level.

8.      Also according to the National Safety Council, young children under the age of six are especially vulnerable to lead's harmful health effects, because their brains and central nervous system are still being formed.  For them, even very low levels of exposure can result in reduced IQ, learning disabilities, attention deficit disorders, behavioral problems, stunted growth, impaired hearing, and kidney damages.   At high levels of exposure, a child may become mentally retarded, fall into a coma, and even die from lead poisoning.

9.      Defendants recalled the following Toys on June 13, 2007:  Red James Engine & Red James' #5 Coal Tender, Red Lights & Sounds James Engine & Red James' #5 Lights & Sounds Coal Tender, James with Team Colors Engine & James with Team Colors #5 Coal Tender, Red Skarloey Engine, Brown & Yellow Old Slow Coach, Red Hook & Ladder Truck & Red Water Tanker Truck, Red Musical Caboose, Red Sodor Line Caboose, Red Coal Car labeled "2006 Day Out With Thomas" on the Side, Red Baggage Car, Red Holiday Caboose, Red "Sodor Mail" Car, Red Fire Brigade Truck, Red Fire Brigade Train, Deluxe Sodor Fire Station, Red Coal Car, Yellow Box Car, Red Stop Sign, Yellow Railroad Crossing Sign, Yellow "Sodor Cargo Company" Cargo Piece, Smelting Yard, and the Ice Cream Factory.

10.     Defendants requested that retailers remove all of the recalled Toys from their shelves and requested that consumers take the recalled toys from young children immediately.

11.     Defendants knew, or should have known, that the Toys were defective and presented a serious risk to the health and safety of children.

12.     If the Plaintiffs and members of the class had known the true nature of the Toys they would not have purchased them nor allowed their children to play with the dangerous Toys.

13.     Published reports indicate that approximately 1.5 Million Thomas & Friends Toys have been recalled at this time.

14.     The Toys were manufactured in China, where they were purposefully painted with products containing lead.

15.     The Defendants failed to adequately screen and test the products imported from China, ignoring the threat that these Toys presented to children.

## JURISDICTION AND VENUE

16.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this action is between citizens of different states, a class action has been pled, and the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs.

17.     Venue is proper in this District under 28 U.S.C. § § 1391(a), (b), and (c), 28 U.S.C. § 1407 and 15 U.S.C. 22.  Defendants do substantial business in the State of Indiana and within this Federal Judicial District, advertise in this District, receive substantial compensation and profits from the sales of Thomas & Friends in this District, and have made material omissions and misrepresentations and breaches of warranties in this District so as to subject it to *in personam* jurisdiction in this District.

## PARTIES

18.     Plaintiffs Rachel and Robert Miller, husband and wife and parents of J.R.M. and L.S.M., are residents of Boone County, Indiana.  Plaintiffs have purchased approximately fifteen (15) Thomas and Friends toys for their two children.  The Miller Plaintiffs own some of the Thomas & Friends included in the June 13, 2007 recall.

19.     Plaintiffs Greg and Shay Theobald, husband and wife and parents of N.P.T, are residents of Tippecanoe County, Indiana.  Plaintiffs have purchased over fifty (50) Thomas and Friends toys for their child.  The Theobald Plaintiffs own some of the Thomas & Friends included in the June 13, 2007 recall.

20.     Plaintiff Chad J. Sweeney is a resident of Boone County, Indiana.  Plaintiff Sweeney has purchased in excess of two-hundred and fifty (250) Thomas and Friends toys for his two children since December of 2004.   Plaintiff Sweeney owns most, if not all, of the Thomas & Friends included in the June 13, 2007 recall.

21.     Defendant RC2 Corporation is a Delaware corporation.

22.     Defendant Racing Champions ERTL Corporation is a Delaware corporation.

23.     Defendant Learning Curve Brands, Inc., formally doing business as The ERTL Company, Inc., Racing Champions ERTL, Inc., RC ERTL, Inc. and RC2 Brands, Inc. is a Delaware corporation.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek certification of a national Consumer Class (with the designation of statewide subclasses if the Court deems necessary and appropriate) defined as follows:

> All Consumer residents and/or domiciliaries of the United States who purchased and/or paid for various Thomas & Friends™ Wooden Railway Toys included in the June 13, 2007 recall.

> Excluded from the proposed Class are (i) any Defendant, any entity in which any Defendant has a controlling interest or which has a controlling interest in, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial offices to whom this case is assigned; and (iii) any member of the immediate families of excluded persons.

25.     Whether or not this Court determines that a national Consumer Class satisfies the applicable requites for class certification, Plaintiffs seek certification of a national wide medical monitoring class, defined as:

> All children of Consumer residents and/or domiciliaries of the United States who purchased and/or paid for various Thomas & Friends™ Wooden Railway Toys included in the June 13, 2007 recall.

5

26.    Should this court determine that a national Consumer Class would not satisfy the applicable requisites for class certification, Plaintiffs alternatively seek certification of a statewide class, defined as:

> All Consumer residents and/or domiciliaries of Indiana, who purchased and/or paid for various Thomas & Friends™ Wooden Railway Toys included in the June 13, 2007 recall.

> Excluded from the proposed Class are (i) any Defendant, any entity in which any Defendant has a controlling interest or which has a controlling interest in, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial offices to whom this case is assigned; and (iii) any member of the immediate families of excluded persons.

27.    Whether or not this Court determines that a statewide Consumer Class satisfies the applicable requites for class certification, Plaintiffs seek certification of a statewide medical monitoring class, if this court determines that a national medical monitoring class would not satisfy the applicable requisites for class certification, defined as:

> All children of Consumer residents and/or domiciliaries of Indiana, who purchased and/or paid for various Thomas & Friends™ Wooden Railway Toys included in the June 13, 2007 recall.

28.    The Class consists of many thousands of persons throughout the United States, making individual joinder of all Class Members impractical.

29.    All Class Members share a united interest in the fair, just and consistent determination of the questions of law and fact necessary to the adjudication of Defendants' liability, which predominate over questions affecting only individual members. These key common liability questions include:

a.      whether and when Defendants knew or should have known of its Toys dangerous defects;

b.      whether Defendants knowingly, recklessly, or negligently concealed, suppressed or failed to disclose the health risks of their Toys from regulators, and the public;

c.      whether Defendants' conduct violated state consumer protection statutes and state fraud and deceptive practice acts;

d.      whether Defendants breached implied warranties covering its Toys;

e.      whether Defendants acted negligently in the sale and promotion of their Toys;

f.      whether Defendants were unjustly enriched at the expense of Plaintiffs and the Class; and,

g.      whether a national class or statewide classes, and/or other subclasses, are superior, within the requirements of Rule 23(b)(3), on any of the Class Claims.

30.     The Class is also united on fundamental questions regarding its members entitlement to damages and equitable relief, including:

a.      whether members of the Class are entitled to damages and/or equitable relief based on their payments for the Toys and  medical expenses, replacement costs for other safe toys, and, if so, the appropriate scope, extent, measure of damages, and equitable relief that should be awarded;

b.      the appropriate scope, extent and measure of damages and equitable relief that should be awarded;

c.      whether the degree of reprehensibility of Defendants' conduct warrants the imposition of punitive damages under controlling authority; and,

d.      whether Class Members are entitled to attorneys' fees, prejudgment interest and costs of suit.

31.    Plaintiffs' claims and defenses are typical of the claims and defenses of the Class because Defendants uniformly misrepresented the safety of their Toys, and uniformly and actively suppressed, concealed, and failed to disclose the material risks associated with the Defendants' Toys.  Defendants' uniform conduct deprived Plaintiffs and all members of the Class of their ability to make an informed decision about whether to use and/or pay for Defendants' Toys.

32.    Plaintiffs and their counsel will fairly and adequately assert and protect the interests of all members of the Class.  Plaintiffs have retained counsel who are competent and experienced in complex class action litigation, including third-party payer and consumer litigation.  Plaintiffs have no interest adverse to those of any absent Class Members, with respect to the key common issues of Defendants' product, knowledge, conduct, and duty, and resulting liability.  All members of the Class share a common interest in the determination of all factual and legal issues pertinent to Defendants' liability and to the fair reallocation of the economic costs associated with Defendants' Toys as between Defendants' and their consumers, through the disgorgement and restitution of Toy revenue unjustly obtained by Defendants.

33.    Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(A), because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and establish incompatible standards of conduct for Defendants.

34.    Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(B) because the prosecution of separate actions by individual Class Members would create a risk of

adjudications with respect to individual Class Members which would, as a practical matter, be

dispositive of the interest of the other members not parties to these adjudications and/or

substantially impair their ability to protect these interests.

35.    Class certification is proper under Federal Rule of Civil Procedure 23(b)(3),

because common issue of law and fact predominate over any questions affecting only individual

members of the Class, and a class action is superior to other available methods for the fair and

efficient adjudication of this controversy.  Class adjudication is superior to individual litigation,

which would foreclose the ability of most Class Members to litigate their claims, impose an

undue burden on the courts, and result in inconsistent determinations of common issues. The

Court may employ issue certification under Rule 23(c)(4)(B), to address any variation of law,

fact, or interest, which procedure is superior, from the standpoint of fairness, efficiency, and

economy, to the denial of class treatment and reversion to repetitive and piecemeal individual

litigation.

36.    Plaintiffs seek a class certification decision that, regardless of the applicable

subsection of Rule 23 under which class treatment is granted, (1) preserves the right of Class

Members to exclude themselves from the Class under Rule 23(c)(2)(B), unless the Court makes a

finding that Defendants' available assets and insurance constitute a traditional "limited fund"

under the meaning of *Ortiz v. Fibreboard*, 527 U.S. 815, 816 (1999) and (2) if appropriate,

grants class certification with respect to particular issues under 23(c)(4)(A).

37.    The need for class wide notice presents no barrier to certification because notice

can be effectively disseminated to the Class by techniques commonly used in consumer class

actions. Notice may be provided to Class Members under the requirements of Fed.R.Civ.P.

23(c)(2) by such combination of print publication, broadcast publication, internet publication,

and/or first class mail that this Court determines best comports with modern Fed.R.Civ.P.

23(c)(2) class notice form, content, and dissemination techniques, as used in other medical

products liability cases and as recommended by the Manual for Complex Litigation, 4th and the

Federal Judicial Center.

### COUNT I

### UNJUST ENRICHMENT

38.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully

set forth herein.

39.    Defendants have been, and continue to be, unjustly enriched, to the detriment of

and at the expense of Plaintiffs and the Class Members, as a result of its unlawful and/or

wrongful collection of, inter alia, the Plaintiffs and the Class Members' payments for

Defendants' Toys such that Defendants' retention of such payments is inequitable.

40.    Defendants have unjustly benefited through the unlawful and/or wrongful

collection of, inter alia, payments for Defendants' Toys, and continue to so benefit to the

detriment and at the expense of the Plaintiffs and the Class Members.

41.    Accordingly, Defendants should not be allowed to retain the proceeds from the

benefits conferred upon it by the Plaintiffs and the Class Members, who seek disgorgement of

Defendants' unjustly acquired profits and other monetary benefits resulting from its unlawful

conduct, and seek restitution and/or rescission for the benefit of Plaintiffs and the Class

Members, in an equitable and efficient fashion to be determined by the Court.

42.    Plaintiffs and the Class Members are entitled to the imposition of a constructive

trust upon Defendants such that its enrichment, benefit and ill-gotten gains may be allocated and

distributed equitably by the Court to and/or for the benefit of Class Members.

## COUNT II

## BREACH OF IMPLIED WARRANTIES

43.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

44.    Defendants sold and promoted their Toys and placed them into the stream of commerce. Defendants knew or had reason to know of the specific use for which the Toys were purchased and impliedly warranted that their Toys were of merchantable quality and fit for such use.

45.    Plaintiffs and the Class Members reasonably relied upon the expertise, skill, judgment, and knowledge of Defendants and upon its implied warranty that their Toys were of merchantable quality and fit for the intended use.

46.    Defendants knew, should have known, or had reason to know that Plaintiffs and the Class Members were influenced to approve and purchase their children's Toys because of Defendants' expertise, skill, judgment, and knowledge in furnishing their Toys for that use.

47.    Defendants Toys were not of merchantable quality and were not fit for their intended use, because they contained substances dangerous to humans, especially small children.

48.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et. seq*.

49.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Alaska St. § 45.02.314, *et. seq*.

50.    Defendants breached the implied warranty their Toys were of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, *et. seq*.

51.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, *et. seq*.

52.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, *et. seq*.

53.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, *et. seq*.

54.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, *et. seq*.

55.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, *et. seq*.

56.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of D.C. Code § 28:2-314, *et. seq*.

57.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Fla. Stat. Ann.  § 672.314, *et. seq*.

58.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ga. Code. Ann. § 11-2-314, *et. seq*.

59.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, *et. seq*.

60.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Id. Code § 28-2-314, *et. seq*.

61.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et. seq*.

62.     Defendants breached the implied warranty that their Toys were of merchantable

quality and fit for such use in violation of Ind. Code Ann.  § 26-1-2-314, *et. seq.*

63.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, *et. seq.*

64.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, *et. seq.*

65.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ken. Rev. Stat. Ann. § 355.2-314, *et. seq.*

66.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of, and is liable in redhibition under La. Civ. Code Ann. Art. 2520, et seq.

67.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, *et. seq.*

68.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, *et. Seq.*

69.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch. 106 § 2-314, *et. seq.*

70.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2.314, *et. seq.*

71.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, *et. seq.*

72.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, *et. seq.*

73.     Defendants breached the implied warranty that their Toys were of merchantable

quality and fit for such use in violation of Missouri Rev. Stat. § 400.2-314, *et. seq*.

74.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, *et. seq*.

75.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, *et. seq*.

76.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, *et. seq*.

77.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, *et. seq*.

78.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, *et. seq*.

79.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law 2-314, *et. seq*.

80.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, *et. seq*.

81.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-314, *et. seq*.

82.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann. § 1302.27, *et. seq*.

83.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314, *et. seq*.

84.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of  Or. Rev. Stat. § 72.3140, *et. seq*.

14

85.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of  13 Pa. Stat. Ann.  § 2314, *et. seq.*

86.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, *et. seq.*

87.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of S.C. § 36-2-314, *et. seq.*

88.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of S.D. Stat. 57A-2-314, *et. seq.*

89.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, *et. seq.*

90.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Tex.Bus. & Com. Code Ann. § 2.314, *et. seq.*

91.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, *et. seq.*

92.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314 , *et. seq.*

93.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Vt. Stat. Ann. § 9A-2-314, *et. seq.*

94.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, *et. seq.*

95.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of W.Va. Code § 46-2-314, *et. seq.*

96.     Defendants breached the implied warranty that their Toys were of merchantable

quality and fit for such use in violation of  Wis. Stat. Ann. § 402.314, *et. seq*.

97.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314, *et. seq*.

98.    As a proximate cause of Defendants' breach of warranty, Plaintiffs and the Class suffered ascertainable losses, injuries, and damages as specified herein in an amount to be determined at trial.

## COUNT III

### Products Liability

99.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

100.    At all relevant times hereto, Defendants were engaged in the business of designing, manufacturing, assembling, and selling Thomas & Friends. Defendants designed, manufactured, assembled, and sold their Toys with the knowledge that they would be given to children to play with.

101.    Defendants' toys were expected to, and did, reach children without substantial change in their condition as manufactured and sold by Defendants.  Due to the product defects described herein, at the time the Toys reached the Plaintiffs and Class Members, the Toys were in a condition not contemplated by any reasonable person.  The toys were unreasonably dangerous to the expected users of the Toys when used in the reasonably expected manner.

102.    The Toys designed, manufactured, marketed, and sold by the Defendants to the Plaintiffs and Class Members were in a defective condition which was unreasonably dangerous.

103.    The Plaintiffs and Class Members used the Toys in the manner in which Defendants intended them to be used.

16

104.    Neither the Plaintiffs nor the Class Members were aware of, and could not in the exercise of reasonable care have discovered, the defective nature of Defendants' Toys, nor could they have known that Defendants designed or manufactured the Toys in a manner that would cause an increased risk of injury, possible toxic poisoning, to their children.

105.    As a direct and proximate result of the Defendants negligently placing the defective product in the stream of commerce, Plaintiffs and Class Members were injured and have expenses.

106.    Defendants' Toys constitute products which are dangerous for their reasonably intended use, due to their defective design, manufacture and misinformation in Defendants' marketing.

### COUNT IV

### Negligence

107.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

108.    Defendants owed a duty of reasonable care to the Plaintiffs and the Class Members in the design, manufacture, and marketing of their Toys.

109.    Defendants breached this duty by allowing negligently produced, designed, and marketed Toys into the stream of commerce.

110.    As a direct and proximate result of Defendants' negligence, Plaintiffs and the Class Members were injured and have incurred expenses and will continue to incur expenses in the future.

### COUNT V

### Unfair and Deceptive Trade Practices Under State Law

111.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

112.    Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of their Toys.

113.    Had Defendants not engaged in the deceptive conduct described above, Plaintiffs and the Class Members would not have purchased and/or paid for the Toys.

114.    Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers and the public, including Plaintiffs and the Class Members, constituted unfair and deceptive acts and practices in violation of the state consumer protection statutes listed below.

a.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et seq*.;

b.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.;*

c.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.;*

d.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et. seq*.;

e.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Civ. Code § 1770 et seq. and Cal Bus. & Prof. Code § 17200, *et seq*.;

f.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et. seq.;*

g.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat.  § 2-1 10a, *et seq*.;

h.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code §§ 2511, et seq. and 2531, *et. seq*.;

i.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et. seq*.;

j.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201 *et seq*.;

k.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. §§ 10-1-372, *et seq*., 10-1-392 and 10-1-420.

l.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480-1, *et seq*.;

m.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq*.;

n.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS §505/1, *et seq.;*

o.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5-1, et seq.;

p.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.16, *et seq*.;

q.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq*.;

r.      Defendants have engaged in unfair competition or unfair or deceptive acts or

practices in violation of Ky. Rev. Stat. § 367.170, *et seq.*;

s.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*;

t.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 205A, *et seq.*;

u.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

v.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93 A, *et seq.*;

w.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Comp. Laws Ann. § 445.90 1, *et seq.*;

x.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. §§ 325D.43, *et seq.*; 325 F.67, *et seq.*; and 325F.68 *et seq.*;

y.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq.*;

z.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Ann. Missouri Stat. § 407.010, *et seq.*;

aa.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code Ann. § 30-14-101, *et. seq*;

bb.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.;*

cc.      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. Ann. § 598.0903, *et seq.*;

dd.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq*.;

ee.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq*.;

ff.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq*.;

gg.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law §§ 349 *et seq*. and 350-e, *et seq*.;

hh.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq*.;

ii.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code §§ 51-12-01, et seq., and 51-15-01, *et seq.;*

jj.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq*.;

kk.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. § 15 751, *et seq*.;

ll.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 6464.605, *et seq*.;

mm.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq*.;

nn.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.;*

oo.    Defendants have engaged in unfair competition or unfair or deceptive acts or

practices in violation of S.C. Code Laws § 39-5-10, *et seq.;*

      pp.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Codified Laws § 37-24-1, *et seq.;*

      qq.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.;*

      rr.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

      ss.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1, *et seq.*;

      tt.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451, *et seq.*;

      uu.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*;

      vv.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code. § 19.86.0 10, *et seq.*;

      ww.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.*;

      xx.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.;* and,

      yy.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-101, *et seq.*

      115.    Plaintiffs and members of the class relied upon Defendants' misrepresentations and/or omissions in buying the Defendants Toys.

116.    Plaintiffs will provide any required notice to appropriate entities regarding Defendants' unfair and deceptive trade practices.

117.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the Class Members have been damaged by paying for these Toys.

118.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the Class are entitled to compensatory damages, treble damages, attorneys' fees and cost of this suit.

**COUNT VI**

**Medical Monitoring**

119.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

120.    As a result of Defendants' negligence or intentional or reckless wrongdoing as set forth hereinabove, Plaintiffs, J.R.M., L.S.M. and N.P.T., as well as other similarly situated individuals, were and are injured and/or were and are directly exposed on a prolonged, repeated and continuous basis, to a significantly and substantially harmful material, causing an increased risk of injury. Plaintiffs require medical monitoring in order to detect, ameliorate, and reduce the risk of injury, further injury, or death.

121.    Defendants are responsible and accountable at law and in equity for this exposure to and substantially increased risk of harm and injury; and are therefore liable to fund and pay for a comprehensive, Court-supervised program of medical monitoring and surveillance, diagnosis, and ongoing research, designed to eliminate or ameliorate further injury and harm, whether such relief is denominated or characterized under applicable law as declaratory, injunctive, or equitable relief; or as damages.

23

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, for themselves and all others similarly situated, respectfully requests that this Court enter a judgment against Defendants and in favor of Plaintiffs, and grant the following relief:

A.    Determine that this action may be maintained as a class action with respect to a national class or with subclasses corresponding to the several states' laws, or, in the alternative, an Indiana statewide class, pursuant to the appropriate subsections of Rule 23 of the Federal Rules of Civil Procedure; that the court certify a class action with respect to particular issues if appropriate, and that the Court designate and appoint Plaintiff and counsel to serve as Class Representatives and Class Counsel;

B.    Declare, adjudge and decree the conduct of the Defendants as alleged herein to be unlawful;

C.    Grant Class Members awards of actual, compensatory, punitive and/or exemplary damages in such amount to be determined at trial and as provided by applicable law;

D.    Grant medical monitoring, whether denominated as damages or in the form of equitable relief;

E.    Grant Class Members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and,

E.    Grant Class Members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## VIII.    DEMAND FOR TRIAL BY JURY

Come now the Plaintiffs, Robert Miller and Rachel Miller, individually and b/n/f of J.R.M. and L.S.M., minors, Gregg Theobald and Shay Theobald, individually and b/n/f of N.P.T., a minor, and Chad J. Sweeney by counsel, and request a trial by jury on all issues deemed so triable.

Respectfully submitted:

s/ William N. Riley

William N. Riley (#14941-49)
Jamie R. Kendall (#25124-49)
**PRICE WAICUKAUSKI & RILEY, LLC**
301 Massachusetts Avenue
Indianapolis, Indiana 46204
(317) 633-8787
(317) 633-8797 Fax
E-Mail: wriley@price-law.com
          jkendall@price-law.com

**COOKE LAW FIRM**
J. Aaron Cooke, Attorney No. 19768-64
P.O. Box 188
Lafayette, IN  47902
p-765-423-5628
f-765-423-1373

Counsel for Plaintiffs