A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Dec 19, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED** CEM
**DECEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 19, 2007

FILED
CLERK'S OFFICE

**07 C 7187**

IN RE: RC2 CORP. TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION

MDL No. 1893

**TRANSFER ORDER**

**JUDGE LEINENWEBER**

**Before the entire Panel**[*]: Defendants and plaintiff in one action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation as follows: (1) plaintiff in the Central District of California action has moved for centralization in the Central District of California; and (2) defendants RC2 Corp. (RC2) and Learning Curve Brands, Inc. have moved for centralization in the Northern District of Illinois. The remaining responding parties agree that centralization is appropriate and support the Northern District of Illinois as transferee forum.

This litigation currently consists of fourteen actions listed on Schedule A and pending in six districts as follows: nine actions in the Northern District of Illinois; and one action each in the Eastern District of Arkansas, the Central District of California, the Southern District of Indiana, the District of New Jersey, and the Eastern District of New York.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions stem from certain toys that were manufactured and/or distributed by defendants and recalled due to the presence of elevated levels of lead in surface paints. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this litigation. The majority of the actions are pending there, defendant RC2 is headquartered there, and, therefore, discovery will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern

---

[*] Judge Scirica did not participate in the decision of this matter.

[1] The Panel has been notified that four other related actions have been filed in the Northern District of Alabama, the Eastern District of Arkansas, the Southern District of Florida, and the Eastern District of Missouri, respectively. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

District of Illinois and, with the consent of that court, assigned to the Honorable Harry D. Leinenweber for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

                                                PANEL ON MULTIDISTRICT LITIGATION

                                                *[signature]*
                                                John G. Heyburn II
                                                    Chairman

D. Lowell Jensen               J. Frederick Motz
Robert L. Miller, Jr.           Kathryn H. Vratil
David R. Hansen              Anthony J. Scirica[*]

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By *[signature]*
      DEPUTY CLERK
U. S. DISTRICT COURT, NORTHERN
      DISTRICT OF ILLINOIS

DATE: 12-27-07

IN RE: RC2 CORP. TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION        MDL No. 1893

### SCHEDULE A

**Eastern District of Arkansas**

James Weldon Stratton, et al. v. RC2 Corp., et al., C.A. No. 4:07-640 — 07 CV 7185

**Central District of California**

Abel Martinez v. RC2 Corp., C.A. No. 2:07-5401 — 07 CV 7186

**Northern District of Illinois**

Channing Hesse v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-3514
Jennifer Foshee Deke, etc. v. RC2 Corp., et al., C.A. No. 1:07-3609
Kimm Walton v. RC2 Corp., et al., C.A. No. 1:07-3614
John O'Leary, et al. v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-3682
Paul Djurisic, etc. v. Apax Partners, Inc., et al., C.A. No. 1:07-3707
Theresa Reddell, et al. v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-3747
Nicholas Rohde, et al. v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-4187
Ryan R. Kreiner, et al. v. RC2 Corp., et al., C.A. No. 1:07-4547
Cherise Wilson, et al. v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-4642

**Southern District of Indiana**

Chad J. Sweeney, et al. v. RC2 Corp., et al., C.A. No. 1:07-772 — 07 CV 7187

**District of New Jersey**

David Murdock, etc. v. RC2 Corp., et al., C.A. No. 2:07-3376 — 07 CV 7188

**Eastern District of New York**

C. Kelly v. RC2 Corp., C.A. No. 1:07-2525 — 07 CV 7189